UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS BERNARD SCOTT,<br><br>         Petitioner,<br><br>v.<br><br>B. CATES, Warden,<br><br>         Respondent. | Case No.: 3:22-cv-1101-RSH-JLB<br><br>**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 12]** |

Petitioner Ellis Bernard Scott ("Petitioner" or "Scott") is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his San Diego County Superior Court conviction for assault in Case No. SCD272793. *See* ECF No. 1. On January 12, 2023, Respondent Brian Cates, Warden of California Correctional Institution, Tehachapi within the California Department of Corrections and Rehabilitation, moved to dismiss the Petition as barred by the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1). *See* ECF No. 12.

The Court has reviewed the Petition, Respondent's Motion to Dismiss, the lodgments and supplemental lodgments filed in this case, in addition to the legal arguments presented. For the reasons discussed below, the Court denies Respondent's Motion to Dismiss. ECF No. 12.

## I. Background

On July 18, 2017, the District Attorney charged Scott with one count of assault with a deadly weapon under California Penal Code § 245(a)(1). ECF No. 13-1 at 9–10.[1] On March 9, 2018, a jury found Scott guilty and further found he had personally used a dangerous and deadly weapon during commission of the offense in violation of California Penal Code § 1192.7(c)(23). ECF No. 13-1 at 257.

In a bifurcated proceeding, Scott admitted to having suffered three prior strike convictions (Cal. Penal Code §§ 667(b)–(i), 668, 1170.12), two prior serious felony convictions (Cal. Penal Code §§ 667(a)(1), 668, 1192.7(c)), and three prison priors (Cal. Penal Code § 667.5(b)). *See* ECF No. 13-1 at 259. On June 29, 2018, the trial court sentenced Scott to 25 years-to-life plus 10 years in state prison. *Id.* at 208, 211. Scott's sentence comprised an indeterminate term of 25 years-to-life, plus two consecutive five-year terms for the prior serious felony enhancements. *See id.* at 208–09, 211, 261.

On July 5, 2018, Scott filed a notice of appeal. *Id.* at 210. Scott raised three claims: (1) his conviction should be reversed based on prosecutorial misconduct; (2) he should be resentenced because a newly amended law giving trial courts wider discretion to strike prior strikes applied retroactively to his case; and (3) he was entitled to be considered for mental health diversion under another new law that went into effect shortly after Scott's trial was complete. *See* ECF No. 13-12 at 13; *see also* Cal. Penal Code § 1001.36. On January 7, 2020, the California Court of Appeal rejected Scott's prosecutorial misconduct claim but concluded the new Three Strikes sentencing laws and the new mental health diversion statute applied retroactively to Scott's case. *See* ECF No. 13-13. The court therefore reversed the judgment and remanded Scott's case back to the superior court for a hearing on mental health diversion and resentencing pursuant to the new statutes, stating:

> The judgment is reversed. The matter is remanded to the trial court with directions to conduct a mental health diversion eligibility hearing under

---

[1] For all citations to documents lodged with the Court in support of Respondents' motion to dismiss, the Court refers to the page numbers generated by CM/ECF.

>section 1001.36. If the court determines that Scott qualifies for diversion, then the court may grant diversion. If Scott successfully completes diversion, then the court shall dismiss the charges against him.
>
>If the court determines that Scott is ineligible for diversion or determines that Scott is eligible for diversion but exercises its discretion to not place Scott on diversion, or if the court places Scott on diversion but he fails to successfully complete diversion, then the court shall reinstate Scott's conviction. The court shall thereafter resentence Scott. During any resentencing proceedings, the trial court shall consider whether to exercise its discretion to strike either or both of the serious felony enhancements (§ 667, subd. (a)(1)), in light of the law as amended effective January 1, 2019.
>
>Upon the completion of any resentencing, the trial court shall forward a certified copy of the new abstract of judgment to the Department of Corrections and Rehabilitation.

ECF No. 13-13 at 36–37.

Both the State and Scott sought review of the appellate court's decision by filing petitions in the California Supreme Court. *See* ECF No. 13-14. On March 18, 2020, the state supreme court granted the State's petition and denied Scott's, stating:

>The People's petition for review is granted. Further action in this matter is deferred pending consideration and disposition of a related issue in *People v. Frahs*, S252220 (*see* Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court. Submission of additional briefing, pursuant to California Rules of Court rule 8.520, is deferred pending further order of the Court.
>
>Defendant's petition is denied.

ECF No. 13-15 at 1. On July 29, 2020, the California Supreme Court dismissed the State's petition for review and the case was remanded to the California Court of Appeal. *See* ECF No. 13-16 (citing Cal. R. Ct. 8.528(b)(1)). The appellate court, in turn, issued remittitur on August 13, 2020 and remanded Scott's case back to the trial court.[2]

---

[2] The Court takes judicial notice of the California Court of Appeal docket in *People v. Scott*, D074334, which indicates the appellate court issued remittitur on August 13, 2020. *See The People v. Scott*, No. D074334, Appellate Courts Case Information,

On remand, the trial court held a hearing to determine whether Scott was eligible for mental health diversion and concluded he was not. *See* ECF No. 18-1 at 1–3. The trial court then resentenced Scott on September 21, 2021. *See* ECF No. 18-3. The court struck two of Scott's prior strike convictions and his three prison priors, and resentenced him to 18 years in prison. ECF Nos. 18-1 at 1, 18-3 at 12–13. An amended abstract of judgment was issued the same day and forwarded to the California Department of Corrections and Rehabilitation. ECF No. 18-1 at 1–2. Scott did not appeal.

On July 10, 2022,[3] Scott filed the instant federal petition for writ of habeas corpus (hereinafter, the "Petition"). ECF No. 1. After Scott paid the required filing fee on September 26, 2022, the Court ordered Respondent to respond to the Petition. ECF No. 7.

On January 12, 2023, Respondent moved to dismiss the Petition. ECF No. 12. Scott did not file an opposition. On June 5, 2023, the Court ordered Respondent to lodge portions of the state court record related to Scott's resentencing on remand. *See* ECF No. 14. Pursuant to that Order, Respondent lodged three supplemental transcripts pertaining to Scott's state case, mental health diversion hearing, and resentencing. ECF No. 18.

In the pending motion to dismiss, Respondent argues the Petition must be dismissed

---

https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2257917&doc_no=D074334&request_token=NiIwLSEmLkw5W1BVSSFdXEtJUDw6UkxbJCNeSzlSMCAgCg%3D%3D (last visited July 7, 2023). *See also* Fed. R. Evid. 201(b) (stating "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (taking judicial notice of court dockets in state court proceedings). Under California law, remittitur is the final step in the appellate process and consists of remitting the certificate of judgment to the court below. *See* Cal. Penal Code § 1265(a); Cal. R. Ct. 8.272.

[3] The petition was received by the Court and docketed on July 25, 2022. *See* ECF No. 1. However, under the "mailbox rule," a federal habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court. *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). In this case, that was July 10, 2022, when Scott signed certification that he handed the petition over to prison staff for mailing. *See* ECF No. 1 at 12.

in its entirety because it was filed after the expiration of the statute of limitations. *See* ECF No. 12. Specifically, Respondent contends the statute of limitation expired on December 29, 2021, over six months before Scott filed his Petition. ECF No. 12-1 at 4.

## II. AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a "one-year limitations period in which a state prisoner must file a federal habeas corpus petition." *Thompson v. Lea*, 681 F.3d 1093, 1093 (9th Cir. 2012) (citing 28 U.S.C. § 2244(d)(1)). The one-year clock commences from several alternative triggering dates, described as:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing . . . is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The "judgment" referenced in § 2244(d)(1)(A) "can only refer to the state judgment pursuant to which the petitioner is being held because that is the only judgment identified in the statute-of-limitations provision." *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017). Thus, in cases where the state appellate court "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s]" the case to the trial court, "the judgment does not become final, and the statute of limitations does not begin to run, until the [trial court] has entered an amended judgment and the time for appealing that judgment has passed." *United States v. Colvin*, 204 F.3d 1221, 1225 (9th Cir. 2000); *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) ("[A] change to a defendant's sentence is a change to his judgment."). In California, if the defendant does not file an

appeal, the judgment becomes final sixty days after conviction. *See* Cal. R. Ct. 8.308(a).

## III. Analysis

Applying these principles, the Court must first determine when Scott's conviction became "final." As discussed above, Scott was originally sentenced on June 29, 2018, after which, he appealed. *See* ECF No. 13-11. On January 7, 2020, the California Court of Appeal explicitly "reversed the judgment" and "remanded" the case to the superior court.[4] *See* ECF No. 13-13 at 36.

Of course, the case was not immediately remanded to the superior court because both the State and Scott sought review of the appellate court's decision in the California Supreme Court. *See* ECF No. 13-14. Although the state high court denied Scott's petition, it "granted and held" review of the State's petition pending resolution of *People v. Frahs*, S252220, the lead case before the high court on the issue of whether the new mental health diversion law (Cal. Penal Code § 1101.36) applied retroactively to defendants whose convictions were not yet final when the new law took effect. *See* ECF No. 13-15.

On June 18, 2020, the California Supreme Court issued its opinion in *Frahs*, holding that the provisions giving trial courts discretion to grant pretrial diversion for defendants (like Scott) with mental health disorders applied retroactively. *See People v. Frahs*, 9 Cal. 5th 618, 631 (Cal. 2020). Thereafter, the California Supreme Court dismissed the State's petition for review in Scott's case. *See* ECF No. 13-16 at 1. Scott's case was then remanded

---

[4]  As the appellate court noted in its January 7, 2020 opinion, the California governor signed Senate Bill ("S.B.") 1393 on September 30, 2018, and the law took effect on January 1, 2019. *See* ECF No. 13-13 at 27. S.B. 1393 amended California Penal Code §§ 667(a) and 1385(b) to allow a trial court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. *Id.* Under the previous version of section 667(a)(1), a trial court was required to impose a five-year consecutive term for "any person convicted of a serious felony who previously has been convicted of a serious felony," and the court had no discretion under the former version of section 1385(b) "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667. *Id.* The appellate court concluded this new law also applied retroactively to Scott's case. *See id.* at 27–29.

to the appellate court pursuant to "Cal[ifornia] Rules of Court, rule 8.528(b)(1).[5] *See id.* In turn, the appellate court issued remittitur on August 13, 2020, remanding the matter to the trial court to comply with its January 7, 2020 opinion. *See* ECF No. 13-13 at 36–37.

Scott's hearing and resentencing did not take place until over a year later, in September 2021. Ultimately, the superior court declined to grant mental health diversion for Scott but granted his request to strike two of his prior strike convictions. *See* ECF Nos. 18-1 at 3, 18-3 at 13–14. On September 21, 2021, the trial court resentenced Scott to a determinate term of 18 years and issued an amended judgment.[6] *See* ECF No. 18-1 at 1, ECF No. 18-3 at 14. Scott did not appeal his new sentence. Therefore, based on the above principles, Scott's conviction became final 60 days after his resentencing: November 21, 2021. *See* Cal. R. Ct. 8.308(a); *Roberts v. Marshall*, 627 F.3d 768, 771 (9th Cir. 2010) (noting that in California, the judgment becomes final 60 days after the judgment if no appeal is filed).

Respondent's argument that Scott's conviction became final on December 28, 2020, nine months *before* Scott was resentenced, lacks merit. "Final judgment in a criminal case means sentence. The sentence is the judgment." *Burton v. Stewart,* 549 U.S. 147, 156 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)). Under Respondent's argument, the judgment became final 150 days after the California Supreme Court dismissed the State's petition for review on July 29, 2020, when time for Scott file a petition for writ of certiorari in the United States Supreme Court had elapsed. *See* ECF No. 12-1 at

---

[5] The Advisory Committee Comment for Rule 8.528(b)(1) explains how this works in practice: "[A]fter the [California Supreme Court] decides a 'lead' case, its current practice is to dismiss review in any pending companion case (i.e., a "grant and hold" matter under rule 8.512(c)) that appears correctly decided in light of the lead case. . . . [A]n order dismissing review ipso facto retransfers jurisdiction to the Court of Appeal." Cal. R. Ct. Rule 8.528(b), Advisory Committee Comments.

[6] On resentencing, the trial court considered and granted Scott's request to strike two of his prior strike convictions pursuant to California Penal Code § 667(a)(1). *See* ECF No. 18-1 at 1; ECF No. 18-3 at 14–15.

4. The dismissal of the State's petition for review, however, did nothing to alter the appellate court's opinion reversing the judgment and remanding the case for resentencing. Rather, the petition's dismissal simply resulted in the high court sending the case back to the appellate court. *See* Cal. R. Ct. 8.528(b); *see also* ECF No. 13-16. Respondent fails to address the effect of the appellate court's January 7, 2020 opinion reversing the judgment or Scott's subsequent resentencing. *See* ECF No. 13-13 at 36–37. Yet until that resentencing took place, the judgment could not be final. *See Burton*, 549 U.S. at 156.

The Supreme Court in *Burton* held that a federal habeas petition attacks the judgment in effect at the time of filing. *Id.* In that case, petitioner Lonnie Burton had filed two federal habeas petitions and argued the second petition was not successive because the two petitions challenged different judgments. *Id.* at 155–56. In 1998, Burton filed his first federal petition challenging the constitutionality of his 1994 conviction. *Id*. at 151. In 2002, he filed his second federal petition challenging the constitutionality of his 1998 resentencing. *Id*. at 151–52. The Supreme Court rejected Burton's argument that the second petition was not successive, noting he was in custody pursuant to the 1998 resentence when he filed both federal petitions and no new judgment intervened between them. *Id*. at 155–56. The Court held Burton's second petition was successive because he "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Id*. at 153. Had Scott filed his federal petition prior to his resentencing and then later sought to challenge it, he could have found himself in the same untenable position as the petitioner in *Burton*.

When Scott filed his Petition, he was in custody pursuant to his September 21, 2021 resentencing and amended judgment. ECF No. 18-1 at 1. A change in sentence is a change in judgment, and as such, AEDPA's statute of limitation period did "not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Burton,* 549 U.S. at 156–57 (emphasis in original). Thus, Respondent's argument that the judgment became final on December 28, 2020, nine months before Scott was even resentenced, runs contrary to *Burton*. Scott's

direct review was not complete until *after* Scott was resentenced by the trial court. *See id.* at 157; *see also Gonzalez*, 873 F.3d at 769 ("[A] change to a defendant's sentence is a change to his judgment."); *Colvin*, 204 F.3d at 1225 (stating that when an appellate court "either partially or wholly reverse[s] a defendant's conviction or sentence, or both, and expressly remand[s]" the case to the trial court, "the judgment does not become final" until the trial court has resentenced the defendant and the time to appeal the resentencing has expired). Scott's conviction therefore did not become final until after he was resentenced and the time to appeal it expired. *See Gonzalez*, 873 F.3d at 769.; *see also Villaneda v. Tilton*, 432 Fed. App'x 695, 2011 WL 1770860, at *1 (9th Cir. May 10, 2011) (concluding that under *Burton*, the petitioner's limitations period did not commence until after the time to appeal following resentencing had lapsed); *Robinson v. Pollard*, No. 5:21-cv-0087-VAP-MAR, 2021 WL 3511037, at *4 (C.D. Cal. Aug. 4, 2021) ("Here, because the court entered an amended abstract of judgment in conjunction with Petitioner's resentencing, Petitioner's conviction did not become final for the purposes of AEDPA until the amended judgment became final."), *report and recommendation adopted*, 2021 WL 3511038 (C.D. Cal. Aug. 10, 2021).

In sum, the superior court resentenced Scott and issued its amended judgment on September 21, 2021. ECF No. 18-1 at 1. That judgment became final 60 days later, on November 20, 2021, when Scott failed to appeal. *See* Cal. R. Ct. 8.308(a); *Johnson v. Neuschmid*, No. 19-cv-8119-ODW-SP, 2020 WL 6219330, at *2 (C.D. Cal. Sept. 1, 2020) ("[T]he Los Angeles County Superior Court resentenced petitioner on December 7, 2017 . . . Thus, petitioner's conviction became final on February 5, 2018, sixty days after his December 7, 2017 resentencing."), *report and recommendation adopted*, 2020 WL 6203569 (C.D. Cal. Oct. 22, 2020). Scott had until November 20, 2022 to file his federal petition. *See* 28 U.S.C. § 2244(d)(1). Accordingly, the Court concludes that Scott's July 10, 2022 Petition was timely filed.

/ / /

/ / /

### IV. Conclusion

For the reasons discussed above, the Court **DENIES** Respondent's Motion to Dismiss (ECF No. 12). Respondent shall file an Answer to the Petition no later than **September 12, 2023**. Scott may file a Traverse no later than **October 23, 2023**.

**IT SO ORDERED.**

Dated: July 7, 2023

Hon. Robert S. Huie
United States District Judge