UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS BERNARD SCOTT,<br><br>                    Petitioner,<br><br>  vs.<br><br>B. CATES, et al.,<br><br>                    Respondents. | Case No.: 3:22-cv-1101-RSH-JLB<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING SUMMARY JUDGMENT TO DEFENDANTS**<br><br>[ECF No. 25] |

Petitioner Ellis Bernard Scott ("Petitioner"), an inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his 2018 conviction in San Diego Superior Court for assault with a deadly weapon. *Id.* at 1; ECF No. 13-1 at 211.

On July 25, 2022, Petitioner filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. On August 2, 2022, the Court denied Petitioner's motion, ECF No. 2, because it appeared Petitioner could pay the filing fee; dismissed the case without prejudice; and directed that, if Petitioner wished to proceed with the instant case, he must submit either the $5.00 filing fee or adequate proof of his inability to pay no later than September 30,

2022. ECF No. 3. On August 26, 2022, Petitioner filed a renewed motion to proceed IFP together with a trust account statement, which reflects a $123.85 balance in his prison trust account. ECF No. 4. The Court again denied Petitioner's motion to proceed IFP, dismissed the case without prejudice, and directed that, if Petitioner wished to proceed with the case, he must submit either the $5.00 filing fee or adequate proof of his inability to pay no later than October 31, 2022. ECF No. 5. On September 26, 2022, Petitioner paid the filing fee, ECF No. 6, and the Court reopened the case, ECF No. 7.

On January 12, 2023, respondent, Brian Cates, Warden of California Correctional Institution, Tehachapi of the California Department of Corrections and Rehabilitation ("Respondent"), filed a motion to dismiss the Petition and a notice of lodgment, ECF Nos. 12, 13, and a supplemental lodgment pursuant to a court order on June 21, 2023, ECF No. 18. On July 7, 2023, the Court denied Respondent's motion to dismiss. ECF No. 19. On September 25, 2023, Respondent filed a response to the Petition. ECF No. 22. Petitioner did not file a Traverse. *See* Docket.

U.S. Magistrate Judge Jill L. Burkhardt issued a report and recommendation in favor of denying the Petition. ECF No. 49. Judge Burkhardt ordered that any objections be filed no later than April 1, 2025. *Id.* Neither party filed an objection.

A district court's role in reviewing the report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Rule 72(b) provides in part:

> (2) Objections. Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. . . .
>
> (3) Resolving Objections. The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

Fed. R. Civ. P. 72(b). Likewise, 28 U.S.C. § 636(b)(1)(C) provides in part:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and

recommendations as provided by rules of court. A judge of the court shall make a de novo determination *of those portions* of the report or specified proposed findings or recommendations *to which objection is made*.

28 U.S.C. § 636(b)(1)(C) (emphasis added).

In the absence of a timely objection, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 510 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1119 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.") (emphasis in original).

Here, neither party has objected to Judge Burkhardt's Report and Recommendation. No clear error appears on the face of the record. The Report and Recommendation is clear, thorough, and well-reasoned. Accordingly, the Court **ADOPTS** Judge Burkhardt's report and recommendation and **DENIES** Petitioner's habeas petition. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: April 14, 2025

_____
Hon. Robert S. Huie
United States District Judge